IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Keisha Louise Waiters, | ) | C.A. No. 4:21-cv-02527-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Housing Authority of Florence, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 60.)   Plaintiff Keisha Louise Waiters ("Plaintiff" or "Waiters"), initially proceeding *pro se*, filed this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a) against Defendant Housing Authority of Florence ("Defendant", "Housing Authority" or "HAF").  (DE 1.)

On May 4, 2022, Defendant filed a Motion for Summary Judgment seeking to dismiss Plaintiff's Title VII retaliation claim asserting, among other things, that Plaintiff cannot meet her burden to establish a prima facie case for retaliation or that retaliation was for the but-for cause of her demotion.[2]  (DE 36-1, pp. 5-6.)  Plaintiff filed a response (DE 43), and Defendant replied (DE

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]     Also before the Court is Plaintiff's Motion for Contempt (DE 35), which was filed on April 20, 2022, to which Defendant has filed a response (DE 37).  Plaintiff makes no objection to the Magistrate

1

57).  On January 30, 2023, the Magistrate Judge issued the Report, recommending this Court grant Defendant's Motion for Summary Judgment (DE 36) and denying Plaintiff's Motion for Contempt (DE 35) because it is moot.  (DE 60.)  The Report found, among other things, that although Plaintiff has established that she engaged in protected activity and that her employer took a materially adverse action against her, she cannot establish prima facie causation because the time gap between her previously filed EEOC charges in 2015, 2016, and 2017 and her February 2021 demotion is too long, and "that it was Plaintiff's job-performance—not Defendant's retaliatory animus—that occasioned her demotion."  (DE 60, pp. 16, 18.)  Accordingly, for the reasons stated below, the Court adopts the Report as provided herein.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation.  However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Defendant administrates Department of Housing and Urban Development programs in Florence, Chesterfield, Dillon, and Marlboro counties in South Carolina.  Defendant manages the Housing Authority of Cheraw and includes its employees within Defendant's personnel policies. Plaintiff began her employment with HAF in December 2010.  Plaintiff filed a charge of discrimination on April 5, 2021, with United States Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCAC").  In the charge, Plaintiff alleges her February 25, 2021, demotion from Program Administrator at HAF's Cheraw office to Special Project Coordinator (her prior position in the Florence office) was in retaliation for her

---

Judge's recommendation to deny her Motion for Contempt.  Accordingly, the Court adopts the Report's denial of Plaintiff's Motion for Contempt (DE 35) and incorporates it herein.

"filing a complaint with the South Carolina Human Affairs Commission back in 2016." (DE 36-

2.) Plaintiff had filed three previous charges for discrimination against the Defendant, alleging:

> On August 21, 2015, Plaintiff filed a Charge alleging sex and race discrimination on June 29, 2015. Plaintiff's allegations relate to her having been denied certain leave requests.
>
> On March 15, 2016, Plaintiff filed a retaliation charge alleging that her housing manager at the time was subjecting her to a different standard of performance.
>
> On January 22, 2017, Plaintiff filed a third charge alleging disparate treatment based on her sex. Plaintiff's allegations relate to her having been denied certain leave requests. Jan. 22, 2017 Charge, ECF No. 36-5. On April 5, 2017, a mediation conference was held at the SCHAC Headquarters in Columbia. The mediation resulted in a successful negotiated settlement during which the Housing Authority agreed to modify its procedures for requesting vacation days.

(DE 60, p. 2.)

While these three Charges were pending, Plaintiff was the Property Manager of the Cheraw office and earned an annual salary of $30,179. On June 12, 2017, two months after the third Charge had been resolved, HAF's Executive Director Clamentine Elmore ("Elmore") promoted Plaintiff to the position of Housing Programs Assistant in the Florence office. Plaintiff was placed in a newly created position with an annual salary of $35,000.

Effective September 28, 2020, Plaintiff was again promoted with no competition to the position of Special Projects Coordinator. Plaintiff's salary in the position was $43,500. Shortly thereafter, on October 6, 2020, Plaintiff met with the Director of Human Resources Diane Garris ("Garris") to "address a concern of constantly being moved laterally in the agency and not upwardly." (DE 43.) Plaintiff indicated Garris told her, "[n]o employer likes it when an employee goes to the South Carolina Human Affairs Commission." Id. After Plaintiff's promotion to the Special Projects Coordinator position, the position of Program Administrator in the Cheraw office became open. After discussions with the management team, Elmore offered Plaintiff the position on a probationary basis. The annual salary for the Program Administrator position was $47,500,

with a stipend that increased the salary to approximately $54,000.  Plaintiff's promotion to the

Cheraw Office Program Administrator position took effect on January 4, 2021.  In the Cheraw

position, Plaintiff was the supervisor in charge of a remote office of approximately 10 employees.

On the evening of February 22, 2021, Garris was advised that three-year-employee

Melinda Haire ("Haire"), the Cheraw Office's Property Manager Assistant, had "filed a complaint

of 'bullying' and/or 'discrimination' based on race regarding her interactions with [Plaintiff]."

(DE 36-12, ¶ 9.)  Haire abruptly resigned on the morning of February 23, 2021.  In her four-and-

a-half-page Statement, Haire stated she had been "verbally abused/bullied," "yelled at, always

wrong no matter the situation, and spoke to like a child."  (DE 36-8.)  In closing, Haire said, "I

didn't want to resign my job, I enjoyed my job dearly before [Plaintiff] was the supervisor, but I

could no longer work for someone like [Plaintiff]."  Id. at 5.

On February 23, 2021, Garris and Plaintiff's direct supervisor, Chief Operations Officer

Pamela Stevens ("Stevens"), went to the Cheraw office to investigate the matter.  Garris and

Stevens interviewed each of the employees of the Cheraw office, including Plaintiff and Haire.

Based on the information obtained in the investigation, Stevens and Garris found that,

> based on this investigation that there was reason to believe that Ms. Haire had been
> subjected to verbal abuse from Ms. Waiters. We believe that the leadership
> provided by Ms. Waiters was creating an intimidating and hostile environment and
> adversely impacting our workforce. While we did not believe that there was any
> indication of race discrimination we did believe it was apparent that Ms. Waiters
> lacked the leadership skills necessary to successfully manage a stand-alone office.

(DE 36-12, ¶ 9.)  After reviewing the results of the investigation, Elmore "determined that it was

not in the best interest of the Agency to allow [Plaintiff] to continue as a supervisor of the Cheraw

office."  (DE 36-9, ¶ 8.)  On February 25, 2021, Plaintiff was offered and accepted a return to her

prior Special Projects Coordinator position in Florence at the previous salary of $43,500.

4

Plaintiff filed the Charge that is the basis of this litigation in April 2021.  Plaintiff alleges her February 25, 2021, demotion was retaliatory.  Plaintiff says she was told one of the employees she supervised had made a complaint against her.  However, Plaintiff indicates she believes this was a pretext for her demotion.  She contends HR Director Garris previously commented to her, "An employer does not like it when an employee goes to the SC Human Affairs." (DE 36-2, p. 1.)  Plaintiff submits she was "subjected to such treatment in retaliation for filing a complaint with the South Carolina Human Affairs Commission back in 2016." Id.

## DISCUSSION

On February 13, 2023, Plaintiff filed an objection to the Report with the assistance of counsel.  (DE 64.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to

give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff has raised the following specific objections to the Report:  1) the report *appears* to rely on inadmissible hearsay evidence to support the decision, 2) Plaintiff has demonstrated causation as to the demotion, 3) Plaintiff has demonstrated pretext as Defendant fails to provide a legitimate business reason for the disparate discipline, and 4) Plaintiff objects to the lack of consideration of a pattern and practice of discrimination regarding pre or post-April 2021 charges of discrimination.[3]  (DE 64, pp. 4-5.)  As to Plaintiff's causation objection, although the word causation is mentioned six times in Plaintiff's memorandum, no portion of the brief addresses or develops this argument.  Rather, Plaintiff contends causation "should be weighed by a factfinder." (Id. at 3.)  This Court disagrees with that assertion under the facts in this case.  As the Report correctly notes, to set out a prima facie claim of retaliation under Title VII, Plaintiff must demonstrate "(1) that [s]he engaged in protected activity, (2) that the employer took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action."  Perkins v. Int'l Paper Co., 936 F.3d 196, 213 (4th Cir. 2019).  Causation can be shown in two ways: by "show[ing] that the adverse act bears sufficient temporal proximity to the protected activity," or by showing "the existence of facts that suggest that the adverse action occurred because of the protected activity," or a combination of the two.  Smith v. CSRA, 12 F.4th 396, 417 (4th Cir. 2021).

---

[3]    Other than setting out this objection, Plaintiff does not identify how the Report relies on hearsay in the Haire Complaint Investigation Report to make its recommendation.  Rather, the record shows and the Report indicates that Defendant offered affidavits and other evidence to support the factual determination made resulting from the Haire Complaint, and Plaintiff has not met her burden to refute this evidence.  Therefore, this objection is overruled.

Once a prima facie case is established, the burden shifts to Defendant to articulate a legitimate, non-retaliatory justification for the adverse employment action, and if it does so, the burden shifts back to Plaintiff to demonstrate that the reason is pretextual.  See EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005).  In the retaliation context, Plaintiff must prove that the "unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013).

The Report notes that Defendant does not contest that Plaintiff could establish the first two elements.  However, the Report found that Plaintiff cannot establish prima facie causation because:

> the time-gap between her previous protected activity (her prior Charges) and her February 2021 demotion is too long. (Citations omitted.)  In Plaintiff's Charge, she avers that she was demoted on February 25, 2021 "in retaliation for filing a complaint with the South Carolina Human Affairs Commission back in 2016." Apr. 5, 2021 Charge. Plaintiff also filed a Charge in 2017. Defendant's prima facie causation argument focuses on the several-year gap between Plaintiff's Charges and her demotion.  "[T]emporal proximity between an employer's knowledge of protected activity and an adverse employment action" may establish causation only if it is "very close."  Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).

(DE 60, p. 15.)  Plaintiff has not offered a fact dispute as to causation; therefore, this objection is overruled.

Likewise, Plaintiff's pretext objection asserting Defendant has failed to provide a legitimate business reason for Plaintiff's disparate demotion must fail.  As a threshold matter, Plaintiff makes no effort to identify any comparator necessary to support her disparate treatment allegations.  Nevertheless, the record, in this case, shows that Defendant did have a legitimate nonretaliatory reason for demoting Plaintiff.  The record shows that,

> based on this investigation that there was reason to believe that Ms. Haire had been subjected to verbal abuse from Ms. Waiters. We believe that the leadership provided by Ms. Waiters was creating an intimidating and hostile environment and adversely impacting our workforce. While we did not believe that there was any

indication of race discrimination we did believe it was apparent that Ms. Waiters lacked the leadership skills necessary to successfully manage a stand-alone office.

(DE 36-12, ¶ 9.)  After reviewing the results of the investigation Elmore "determined that it was not in the best interest of the Agency to allow [Plaintiff] to continue as a supervisor of the Cheraw office."  (DE 36-9, ¶ 8.)  Further, Plaintiff has not demonstrated Defendant's legitimate reason for her demotion was pretext for retaliatory behavior.  Presumably, Plaintiff points to a comment made by Garris on October 6, 2020, where she told Plaintiff, "[N]o employer likes it when an employee goes to the South Carolina Human Affairs Commission."  (DE 43.)  Notwithstanding the lack of temporal proximity for this comment, Plaintiff was promoted several times before the Haire complaint and her subsequent demotion.  Therefore, this objection is overruled.

Lastly, as to Plaintiff's pattern and practice objection regarding the pre and post-April 2021 charge of discrimination, this objection is either indistinguishable from the issues addressed herein or is outside the activities complained of in the April 5, 2021 Charge.  Therefore, based on the record before the Court, Plaintiff's objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 60) and incorporates it by reference.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 36) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 20, 2023

8